UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JACOB FETMAN,

                Appellant,              **MEMORANDUM & ORDER**
                                                       20-CV-1600 (MKB)

        v.

ROBERT MUSSO, *as Trustee*,

                Appellee.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Appellant Jacob Fetman, proceeding *pro se*, filed this appeal on March 30, 2020, arising from a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (Notice of Appeal, Docket Entry No. 1.)[1] An involuntary Chapter 7 bankruptcy petition was filed against Appellant on August 11, 2015 (the "Bankruptcy Proceeding"), (*see* Involuntary Petition, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Aug. 11, 2015), Docket Entry No. 1),[2] and on October 28, 2015, Appellee was appointed as the trustee,

---

    [1] Because Appellant's filings do not contain page numbers, the Court refers to the pagination assigned by the electronic filing system.

    [2] The Court takes judicial notice of the documents filed in Appellant's bankruptcy case. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))); *Tingling v. U.S. Dep't of Educ.*, 611 B.R. 710, 715 (E.D.N.Y. 2020) (taking judicial notice of the documents filed in the debtor's bankruptcy case); *JP Morgan Chase Bank N.A. v. JP Morgan Chase Bank N.A. (In re Coleman)*, No. 19-47236, 2020 WL 5531557, at *1 (E.D.N.Y. Sept. 15, 2020) (reviewing the "publicly filed documents in the [b]ankruptcy [c]ourt to ascertain whether there might be a viable challenge to any of the [b]ankruptcy [c]ourt's

(Notice of Appointment of Trustee, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Oct. 28, 2015), Docket Entry No. 16.) On January 16, 2018, the Bankruptcy Court authorized Appellee to retain Joseph A. Broderick, P.C. ("Broderick") as an accountant to the trustee *nunc pro tunc* as of May 19, 2017. (Order Granting Application to Employ Joseph A. Broderick, P.C., *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Jan. 16, 2018), Docket Entry No. 260.)

Appellant appeals from the Bankruptcy Court's order awarding Broderick $13,650 in fees and granting Appellant an administrative claim[3] in the amount of $700 (the "Bankruptcy Court Order"). (Notice of Appeal 1; Bankruptcy Ct. Order, annexed to Notice of Appeal, Docket Entry No. 1.) For the reasons set forth below, the Court dismisses the appeal.

I. **Background**

　　a. **The underlying bankruptcy**

On August 11, 2015, Appellant's father filed an involuntary Chapter 7 bankruptcy petition against Appellant. (Involuntary Petition, *In re Fetman*, No. 15-43716.) On October 28, 2015, the Bankruptcy Court appointed Appellee as interim trustee. (Notice of Appointment of Trustee, *In re Fetman*, No. 15-43716.) Appellee subsequently moved, pursuant to 11 U.S.C. § 327(a), to retain Broderick to render accounting services *nunc pro tunc* as of May 19, 2017. (Application to Employ Joseph A. Broderick as Accountant, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Jan. 2, 2017), Docket Entry No. 259.) Appellee sought Broderick's services to

---

[o]rders" when appellant failed to designate the record on appeal as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure).

　　[3] An administrative claim is a claim for expenses incurred with bankruptcy court approval for "the actual and necessary costs of preserving the estate." 11 U.S.C. § 503(b). "Section 507 [of the Bankruptcy Code] provides that allowed administrative expenses jump to the head of the line, and have priority in the distribution of the assets." *In re S & Y Enters., LLC*, 480 B.R. 452, 458 (Bankr. E.D.N.Y. 2012).

compute potential capital gains tax due by the estate as a result of the sale of two estate assets — 4301 Tenth Avenue and 4305 Tenth Avenue (the "Tenth Avenue Properties"). (*Id.* ¶¶ 5, 7–9.) On January 16, 2018, the Bankruptcy Court approved Appellee's retention of Broderick. (Order Granting Application to Employ Joseph A. Broderick, P.C., *In re Fetman*, No. 15-43716.)

### b. The fee application

On January 24, 2020, Broderick filed an application for allowance of fees, totaling $13,650 for services rendered on behalf of the bankruptcy estate from December 21, 2017 through August 20, 2018. (Application for Compensation, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Jan. 24, 2020), Docket Entry No. 336.) As part of his application, Broderick submitted his time records, which indicated that he completed forty-two hours of work at a rate of $325 per hour, resulting in fees of $13,650. (*Id.* at 13–14.) Broderick's application stated that pursuant to section 330 of the Bankruptcy Code, he was entitled to "reasonable compensation" for his services to the estate. (*Id.* at 5.) On January 24, 2020, Appellee filed an application in support of Broderick's application for allowance. (Trustee Application in Support of Final Fee Application, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Jan. 24, 2020), Docket Entry No. 337.)

On February 18, 2020, Appellant opposed Broderick's request for allowance of fees, arguing that (1) the returns prepared by Broderick were inaccurate because Appellant only owned half of one of the Tenth Avenue Properties and therefore the taxes should be reduced by half, (2) Broderick should not receive more than $10,500 — the amount he listed as an estimate for his fees in the tax returns, (3) Broderick should explain the "bank charges" incurred by the estate listed on the tax returns, and (4) Broderick did not deduct the brokers' commissions in calculating the returns. (Opposition to Application for Compensation 1–4, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Feb. 18, 2020), Docket Entry No. 342.)

3

On February 24, 2020, Appellee filed both his response and Broderick's reply to Appellant's objection.[4] In his reply, Broderick explained that Appellant's proposal to calculate the capital gains tax based on Appellant's 50% ownership of one of the Tenth Avenue Properties was "a sham" and the capital gains taxes were properly calculated based on the "reality" that Appellant's estate received 100% of the net sale proceeds. (Broderick Reply to Opposition ¶ 4, *In re Fetman*, No. 15-43716.) Broderick also explained that he underestimated the fees on the tax return in the amount of $10,500 because "[t]he more prudent view is not to over-estimate in a tax return as that could result in costs and delays related to filing an amended tax return," and that the ultimate fee amount of $13,650 is "quite close" to the estimated amount. (*Id.* ¶ 7.) In response to Appellant's request for more information on the bank fees, Broderick provided a schedule of the bank fees charged to Appellee's bank account upon which he relied when preparing the tax return. (*Id.* ¶ 6.) In response to Appellant's contention that the expenses were understated by $140,000 which resulted in an overstatement of income by $140,000, Broderick stated that Appellant "incorrectly read[] the tax return" and that in the return there is a deduction "for the brokers['] commission of $138,000 rendering total expenses/adjustments very closely aligned to [Appellee's] projections." (*Id.* ¶ 5.)

In his response, Appellee contended that the fee request by Broderick is reasonable and that Appellant's opposition "reveals [Appellant's] annoyance that [Appellee] refused to be part of his scheme to avoid the appropriate taxes due to the taxing authorities," which Broderick had characterized "as a sham with possible implications of tax fraud." (Trustee's Response to Debtor's Opposition to Fee Application ¶¶ 7–11, *In re Fetman*, No. 15-43716.)

---

[4] (Trustee's Response to Debtor's Opposition to Fee Application, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Feb. 24, 2020), Docket Entry No. 343; Broderick Reply to Opposition, *In re Fetman*, No. 15-43716 (Bankr. E.D.N.Y. Feb. 24, 2020), Docket Entry No. 344.)

On February 27, 2020, the Honorable Nancy H. Lord held a hearing on Broderick's application for fees (the "Hearing"). (Tr. of Proceedings before Hon. Nancy Lord dated Feb. 27, 2020 ("Hr'g Tr.") annexed to Appellee Br., Docket Entry No. 4-1.) First, Judge Lord overruled Appellant's objection to the calculation of the capital gains tax, stating that the Bankruptcy Court had already overruled this objection in the past and that it was up to Broderick as the professional accountant to determine the appropriate tax, and suggested that Appellant's proposed tax scheme was improper:

> The accountant has to — they all have to use their business judgment and their professional judgment. And it is Mr. Broderick's job to maximize the value for the estate but not — but not at — but coloring within the corners of the coloring book, all right? Within the lines, is what I mean. To color within the lines. Okay?
>
> Some people color at the lines, they try to color a little outside the lines, they take a chance, you know, they take a position maybe they shouldn't be taking with the hope that no one's looking. We can't do it that way here. Everyone has to color within the lines.

(Hr'g Tr. 4:22–25, 5:1–7.) Next, Judge Lord asked Appellee how much less tax the bankruptcy estate would have paid if Broderick used the actual fee amount of $13,650 instead of $10,500 on the taxes submitted. (*Id.* at 8:18–10:3.) Appellee estimated the savings would have been $700 and the Bankruptcy Court gave Appellant an administrative claim for $700, which Appellant accepted. (*Id.* at 8:18–11:12, 12:25–14:10, 17:2–4.) Last, Judge Lord granted Broderick's fee, noting that he "did a lot of work." (*Id.* at 17:16–20.)

On March 13, 2020, the Bankruptcy Court issued a formal order authorizing Broderick's payment application. (Bankruptcy Ct. Order.) The Court approved Broderick's application, finding that Broderick's request was "fair and reasonable" and that he "satisfactorily performed services on behalf of this estate." (*Id.*) The Court also found that Appellant's objections should

5

be overruled to the extent provided on the record at the Hearing except that Appellant "should be awarded an administrative expense claim in the amount of $700." (*Id.*)

On March 30, 2020, Appellant docketed his notice of appeal from the Bankruptcy Court Order.[5] (Notice of Appeal.)

## II. Discussion

### a. Standard of review

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a)(1). An order awarding fees to professionals

---

[5] Appellant failed to file a designation of items to be included in the record and a statement of the issues to be considered on appeal as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. (*See* Notice of Bankruptcy R. Received, Docket Entry No. 2); Fed. R. Bankr. P. 8009 (stating that a litigant appealing a decision of the bankruptcy court "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within [fourteen] days after . . . the appellant's notice of appeal as of right becomes effective under Rule 8002"). Appellee does not move to dismiss this appeal based on Appellant's failure to comply with Rule 8009. (*See* Appellee Br., Docket Entry No. 4.) In view of Appellant's representation in his separate appeal also before this Court that he was affected by the COVID-19 pandemic in March of 2020 around the time this appeal was filed, (*see* Letter dated Apr. 6, 2020, *Fetman v. Musso*, No. 20-CV-1101, (E.D.N.Y. Apr. 6, 2020)), and because Appellee has not demonstrated prejudice by Appellant's failure to comply with Rule 8009, the Court nevertheless addresses the merits of Appellant's appeal to avoid further delay of a decision on the merits, and does so based on the Hearing transcript provided by Appellee, the Bankruptcy Court Order, and the records publicly filed on the Bankruptcy Court docket. *See Taneja v. Health Law Firm*, No. 17-CV-5618, 2017 WL 11475266, at *2 n. (S.D.N.Y. Nov. 20, 2017) ("[B]ecause [the appellant] is a *pro se* litigant, and because there is no prejudice to [the appellee], the [c]ourt will consider the transcript of the sanctions hearing docketed in the underlying bankruptcy case." (first citing *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006); and then citing *Frostbaum v. Ochs*, 277 B.R. 470, 473 n.1 (E.D.N.Y. 2002))); *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 218 (E.D.N.Y. 2014) (deciding bankruptcy appeal on the merits even when appellant failed to provide a complete record on appeal and noting that "courts have also resolved appeals when the record, although incomplete, is sufficient to enable an informed review of the parties' arguments"); *Frostbaum*, 277 B.R. at 473 n.1 (obtaining, pursuant to Rule 8019 — Rule 8028's predecessor, a bankruptcy court hearing transcript and order "to expedite a decision on the merits and to avoid requests for additional time or to refile the appeal" when the *pro se* appellant failed to designate filings essential for review on the merits).

6

employed by the trustee pursuant to 11 U.S.C. § 330 is a final, appealable order. *See In re Tribeca Mkt., LLC*, 516 B.R. 254, 270 (S.D.N.Y. 2014) (reviewing district court's grant of professional fees under section 330); *Fletcher v. Davis (In re Fletcher Int'l, Ltd.)*, 536 B.R. 551, 565 (S.D.N.Y. 2015) (same), *aff'd sub nom. In the Matter of Fletcher Int'l, Ltd.*, 661 F. App'x 124 (2d Cir. 2016).

On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo* and its factual findings for clear error. *See Wenegieme v. Macco*, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d 100, 103 (2d Cir. 2000)); *Washington v. Chapter 13 Tr.*, No. 19-CV-7028, 2020 WL 5077403, at *2 (E.D.N.Y. Aug. 26, 2020) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d at 103). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

However, discretionary rulings of a bankruptcy court are reviewed for abuse of discretion. *See Sterling v. 1279 St. John's Place, LLC (In re Sterling)*, 737 F. App'x 52, 53 (2d Cir. 2018); *In re Fletcher Int'l, Ltd.*, 536 B.R. at 558 ("The [b]ankruptcy [c]ourt's decision[] . . . approving payment of professionals' fees . . . will be reviewed for abuse of discretion."); *see also Bernheim v. Damon & Morey, LLP*, No. 06-BK-3386, 2007 WL 1858292, at *1 (2d Cir. June 28, 2007) ("Bankruptcy courts enjoy wide discretion in determining reasonable fee awards, which discretion will not be disturbed by an appellate court absent a showing that it was abused." (quoting *In re JLM, Inc.*, 210 B.R. 19, 23 (B.A.P. 2d Cir. 1997))). "An abuse of discretion arises

where (1) the bankruptcy judge fails to apply the proper legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." *Bernheim*, 2007 WL 1858292, at *1 (quoting *In re JLM, Inc.*, 210 B.R. at 23); *see also In re DeGroof*, No. 07-CV-525, 2008 WL 4560088, at *3 (E.D.N.Y. Sept. 29, 2008) (quoting *Bernheim*, 2007 WL 1858292, at *1). The district court need not limit its review to the arguments raised or relied upon in the decision below but may affirm on any ground that finds support in the record. *See Wenegieme*, 2018 WL 334032, at *2.

  **b. The Bankruptcy Court did not abuse its discretion in approving Broderick's fee application**

Appellant argues that the Bankruptcy Court abused its discretion in approving Broderick's fee application because (1) the Bankruptcy Court should not have awarded Broderick any fees because he underestimated his fees on the tax return, and therefore the Bankruptcy Court should not have believed the hours and rate provided in Broderick's timesheet, (2) the Bankruptcy Court should not have awarded Broderick more than the $10,500 he estimated in the tax return, and (3) the $700 administrative claim awarded to Appellant is "completely useless and irrelevant" because "any presumed balance left over in the trust would be turned over to the debtor anyway[]."[6] (Appellant Br. 3–4, Docket Entry No. 3.)

---

[6] Appellant also argues that Appellee was irresponsible as trustee of the estate and caused "great financial losses to the trust." (Appellant Br. 4.) As Appellee argues, (*see* Appellee Br. 8), this argument is related to Appellant's separate bankruptcy appeal also before this Court, which appeals the Bankruptcy Court's dismissal of Appellant's adversary proceeding alleging improper and self-serving behavior by Appellee, (*see* Notice of Appeal, *Fetman v. Musso*, No. 20-CV-1101, (E.D.N.Y. Feb. 28, 2020)). The Court addresses Appellant's allegations of improper conduct by Appellee in that appeal and declines to also address those claims in this appeal, which only challenges the fees awarded to Broderick. *See Ford v. Philpot*, No. 05-CV-1091, 2005 WL 8179669, at *4 (D. Conn. Nov. 21, 2005) (finding appeal of bankruptcy court order granting attorneys' fees "not the proper forum" to address "issues concerning counsel's professional conduct").

8

Appellee argues that the Bankruptcy Court did not abuse its discretion because the Bankruptcy Court applied the factors set forth in section 330 of the Bankruptcy Code to determine the reasonable compensation that should be awarded to Broderick and because the factual findings that Broderick performed services that benefitted the bankruptcy estate and did the work set forth in his application were not clearly erroneous. (Appellee Br. 8.) Appellee also argues that Appellant waived and abandoned his claims that Broderick should not have received any fees at all and that the $700 administrative claim was useless because Appellant stated at the Hearing that Broderick should be paid $10,500 and accepted the $700 claim.[7] (*Id.* at 9, 11.) In response to Appellant's argument that Broderick should not have been awarded more than the $10,500 he estimated in fees, Appellee argues that the Bankruptcy Court properly awarded Broderick fees because it (1) considered Broderick's explanation, based on his years of experience as an accountant, of conservatively estimating fees "for purposes of calculating capital gains taxes so as to avoid issues with taxing authorities," and (2) considered that he had

---

[7] A review of the Hearing transcript indicates that Appellant did not argue before the Bankruptcy Court that Broderick should not be paid at all, nor did Appellant object to the $700 administrative claim. The Court declines to consider Appellant's arguments that were not raised before the Bankruptcy Court. *See Channer v. Penn. Higher Educ. Assistance Agency (In re Channer)*, 833 F. App'x 502, 505 n.13 (2d Cir. 2020) (declining to consider arguments "not raise[d] in bankruptcy proceedings"); *Osborne v. Tulis*, 594 F. App'x 39, 41 (2d Cir. 2015) (declining to consider arguments not raised before the bankruptcy court); *In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (failing to raise argument in the bankruptcy court waived the argument even if raised in the district court); *J.K.L. Sales, Inc. v. Flaxer (In re Lehr Constr. Corp.)*, No. 16-CV-4048, 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) (declining to consider arguments not raised before the bankruptcy court because this "means that counsel has waived the opportunity to assert this argument"); *In re Campbell*, 539 B.R. 66, 72 (S.D.N.Y. 2015) ("Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal." (first citing *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); and then citing *In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y. 2012))).

"performed many of the services" before Judge Lord and "did a lot of work" benefitting the estate. (*Id.* at 10–11.)

Under section 330 of the Bankruptcy Code, "bankruptcy judges may award reasonable fees to trustees and their appointed professionals" after providing notice to the parties in interest and the United States Trustee and holding a hearing. *In re Fletcher Int'l, Ltd.*, 536 B.R. at 558 (citing 11 U.S.C. § 330(a)); 11 U.S.C. § 330(a). To determine the amount of reasonable compensation to be awarded to a professional person under section 330, a bankruptcy court considers: (1) "the time spent on such services;" (2) the rates charged; (3) "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case;" (4) "whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;" (5) whether the person is board certified or has demonstrated skill and experience in the bankruptcy field; and (6) "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3). "The decision to award fees, and the amount of fees to grant, is within the sound discretion of the bankruptcy judge." *In re Fletcher Int'l, Ltd.*, 536 B.R. at 565 (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d at 103). The inquiry on appeal of a bankruptcy court's order awarding fees "is focused on 'whether there is a reasonable basis in the record to support the propriety of the bankruptcy judge's decision,' not on whether 'the appellate court might have ruled differently if presented with the same evidence.'" *Bernheim*, 2007 WL 1858292, at *1 (quoting *In re JLM, Inc.*, 210 B.R. at 23).

The Bankruptcy Court did not abuse its discretion in granting Broderick's application for fees. As required under section 330 of the Bankruptcy Code, the Bankruptcy Court considered

10

the time Broderick spent on his accounting services to the estate, (*see* Hr'g Tr. 8:6–9; 10:23–11:5; 17:16–19 (referencing the timesheets submitted in Broderick's application, suggesting that Appellant caused more work for Broderick by frequently objecting, and noting that Broderick "did a lot of work")), and the benefit provided to the estate by Broderick's services, (*see* Bankruptcy Ct. Order (stating that Broderick "satisfactorily performed services on behalf of th[e] estate")). Although the Bankruptcy Court did not explicitly consider Broderick's skill and experience in the bankruptcy field standing alone, in rejecting Appellant's objection that Broderick should have based the capital gains taxes on Appellant's 50% ownership of one of the Tenth Avenue Properties, Judge Lord emphasized Broderick's skill and experience, stating that Broderick used his "business judgment and . . . professional judgment" to maximize value for the estate within permissible bounds, which demonstrates her consideration of Broderick's expertise and his service to the estate. (Hr'g Tr. 4:22–5:7.) This is sufficient consideration of the section 330(a)(3) factors and the Court therefore upholds the Bankruptcy Court's order awarding fees to Broderick. *See In re Tribeca Mkt., LLC*, 516 B.R. at 273 (noting that the section 330(a)(3) factors are "non-exhaustive"); *In re Fletcher Int'l, Ltd.*, 536 B.R. at 565 (finding no abuse of discretion when a bankruptcy court "appropriately considered the [fee applicants'] qualifications, the quality of their work, and the benefit they provided to the estate, and concluded that the [fee applicants'] performance had been satisfactory and that their compensation was justified"); *In re Siskin*, No. 11-CV-9468, 2012 WL 2367043, at *8 (S.D.N.Y. June 20, 2012) (considering whether the debtor created additional work to cooperate with the trustee and his professional agents and "created a need for the provision of additional services"); *Ford v. Philpot*, No. 05-CV-1091, 2005 WL 8179669, at *3 (D. Conn. Nov. 21, 2005) (finding no abuse of discretion when the bankruptcy court's decision "indicates that [it] evaluated [the fee applicant's]

contractual fee in light of the section 330(a)(3) factors and also after reviewing [the fee applicant's] submission of time sheets and a list of his activities"); *cf. In re DeGroof*, 2008 WL 4560088, at *6 (finding no abuse of discretion in bankruptcy court's decision deeming a trustee's compensation request unreasonable because the trustee's minimal duties did not justify the fees sought).

Moreover, Judge Lord has presided over this protracted, years-long bankruptcy for its duration and had the opportunity to evaluate first-hand the quality of Broderick's performance. *See Bernheim*, 2007 WL 1858292, at *2 (deferring to bankruptcy judge's determination of fees when the bankruptcy judge "presided over th[e] bankruptcy for its duration and had the opportunity to evaluate first-hand both the quality of [the appellee's] performance and the contributions made by the firm to a . . . Chapter 11 case in which all general creditors were paid in full" (citing *New York, N.H. & H.R. Co. v. Iannotti*, 567 F.2d 166, 179 (2d Cir. 1977))).[8]

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion when granting Broderick's application for fees.

---

[8] Appellant's objection based on the harm to the estate because of Broderick's underestimated fees in the tax return is unpersuasive. For the reasons stated above, the record demonstrates that Judge Lord properly approved of the fees awarded to Broderick. In addition, Judge Lord carefully considered the effect on the estate of Broderick's fee underestimation and compensated Appellant for any potential tax savings lost by Broderick's underestimation of the actual fee amount with the $700 administrative claim. (Hr'g Tr. 7:13–11:12, 12:25–17:4.)

12

### III. Conclusion

For the foregoing reasons, the Court denies Appellant's appeal and affirms the Bankruptcy Court's approval of Broderick's fees. The Clerk of Court is respectfully directed to enter judgment and close this case.

Dated: February 25, 2021
       Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge